IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal Action No. PX-19-0023 |
| ALEJANDRINA DEL CARMEN PARADA DE DIAZ | * |
| Defendant. | * |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Alejandrina Del Carmen Parada De Diaz' Motion to Dismiss the Indictment charging her with reentry after deportation in violation of 8 U.S.C. § 1326 (1996). In it, Parada De Diaz argues that the Immigration Court lacked jurisdiction to remove her, thus invalidating the current criminal charge. For the following reasons, the Court DENIES the motion.

**I.    Background**

On December 16, 2006, the day after Parada De Diaz arrived in the United States, she was arrested by U.S. Border Patrol and personally served with a Notice to Appear before an Immigration Judge at a date and time to be further "set." ECF No. 12-2 at 2. On the same day, Parada De Diaz also received a Form I-826 Notice of Rights and Request for Disposition. ECF No. 14-2. The I-826 form was presented in English and read to Parada De Diaz in Spanish. It notified her that she has been arrested on suspicion that she is present in the United States without legal authority, and that she had the right to either proceed by way of hearing, or waive the hearing, admit that she is in the United States illegally, and request return to her country of

1

citizenship "as soon as possible." *Id.* Parada De Diaz indicated, by checking a box and initialing alongside the box, that she admitted she was in the United States illegally, that she did not believe she would face harm if returned to her country, and that she wished to give up her right to a hearing before an Immigration Judge and return to her home country as soon as arrangements can be made to facilitate her return. *Id.*

Also on December 16, Parada De Diaz signed an identical notice included within Form I-848 A, entitled Request for Disposition of Salvadorans. ECF No. 14-4. This notice was presented to Parada De Diaz in English and in Spanish. On this form, an immigration officer indicated, by way of a checked box, that Parada De Diaz had read the form. *Id.* Parada De Diaz also checked the box next to the Spanish version of the following language, which stated in full:

> I admit that I am in the United States illegally. I wish to give up my right to a hearing before an immigration judge and return to my home country on the first available transportation. I understand that I may be held in detention until my departure. I also understand that if the United States government pays for my transportation to my country, I cannot return for five years unless I obtain permission from the Attorney General of the United States.

*Id.*

Parada De Diaz signed this form and dated it "12/16/06 22:04." *Id.* An immigration officer witnessed her signature, as indicated by the officer's own signature over the line entitled "witness." *Id.*

Two days later, while in immigration custody, Parada De Diaz was personally served a Notice of Hearing regarding her removal proceedings. ECF No. 14-5. The Notice informed Parada De Diaz that her hearing would take place that same day, December 18, 2006, at 2:00 p.m. *Id.* Parada De Diaz thereafter appeared before the Immigration Judge, and consistent with her written waiver, was ordered deported. ECF No. 14-6. The written Order of deportation memorializes that Parada De Diaz had waived her right to appeal the Order, and that Parada De

Diaz' request for voluntary departure was denied. *Id.* Parada De Diaz was subsequently deported.

In 2018, Parada De Diaz was found in the United States after having sustained criminal convictions for assault and traffic offenses. ECF No. 14 at 4–5. The United States charged Parada De Diaz with one count of Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a). Parada De Diaz now moves to dismiss the charge pending against her, contending that because her 2006 Notice to Appear did not set the date and time of her removal hearing, the Immigration Judge "lacked jurisdiction to issue a removal order." ECF No. 12 at 6. Consequently, says Parada De Diaz, dismissal of the current indictment is warranted. For the following reasons, the Court disagrees and denies the motion.

## II. Analysis

8 U.S.C. § 1326 provides a mechanism to seek dismissal of a criminal reentry charge where a defendant has satisfied three prerequisites:

> (1) the defendant exhausted available administrative remedies,
> (2) the defendant was deprived of the opportunity for judicial review at his deportation proceedings, and
> (3) that "the entry of the order was fundamentally unfair."

8 U.S.C. § 1326(d).

As to whether the "entry of the order was fundamentally unfair," the defendant must further demonstrate that (1) her due process rights were violated in the deportation proceedings, and (2) that the rights violation(s) caused [her] actual prejudice. Satisfaction of all three requirements requires dismissal of the illegal reentry charge "as a matter of law." *United States v. El Shami*, 434 F.3d 659, 663 (4th Cir. 2005).

Parada De Diaz singularly argues that she meets these statutory requirements because the Notice to Appear did not include the time, date, and place of the removal proceeding, and thus

the immigration court lacked jurisdiction to remove her. ECF No. 12 at 6. Parada De Diaz bases her argument exclusively on *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018). There, the Supreme Court was called to decide the following "narrow question" of whether a Notice to Appear that omits the date, time and place of the hearing is sufficient to trigger the stop-time rule implicated in a discretionary exception to removal proceedings. *Id.* Answering in the affirmative, the Supreme Court framed the question as one of statutory interpretation concerning the "intersection" between the stop time rule (not at issue here) and the time and place requirements of a Notice to Appear sufficient to trigger the stop time rule. *Id.* The Supreme Court did not frame the issue as one implicating the Immigration Court's jurisdiction, let alone this Court's subject matter jurisdiction. *See id*. at 2114 (stating "based on the plain text of the statute, it is clear that *to trigger the stop-time rule,* the Government must serve a notice to appear that, at the very least, 'specif[ies]' the 'time and place' of the removal proceedings," and "[a]nother neighboring statutory provision lends further contextual support for the view that a 'notice to appear' must include the time and place of the removal proceedings *to trigger the stop time rule*.") (emphasis added).

Although the United States Court of Appeals for the Fourth Circuit has yet to decide in a published opinion the reach of *Periera*, many of its sister Circuits have held that *Pereira* did not announce a broad jurisdictional rule, and thus "an Immigration Court's jurisdiction is secure despite the omission in a Notice of time-and-place information." *Ortiz-Santiago v. Barr*, 924 F.3d 956, 958 (7th Cir. 2019); *see also Emerald Zodwa Nkomo v. Attorney General of the United States*, No. 18-3109, 2019 WL 3048577, at *3 (3d Cir. Jul. 12, 2019); *Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019); *Banegas Gomez v. Barr*, 922 F.3d 101, 109–112 (2d Cir. 2019); *Santos-Santos v. Barr*, 917 F.3d 486 (6th Cir. 2019); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th

Cir. 2019); *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 313–14 (6th Cir. 2018); *United States v. Diaz-Martinez*, No. 3:18-CR-97, 2019 WL 1940600, at *14 (E.D. Va. May 1, 2019), *reconsideration denied*, No. 3:18-CR-97, 2019 WL 2305151 (E.D. Va. May 30, 2019) (collecting cases) ("As far as the Court is aware, every District Court in this Circuit to have considered a jurisdictional attack based on *Pereira* has rejected it.").[1]

This Court is similarly disinclined to read *Pereira* as announcing a jurisdictional rule. However, even if the time and place requirement implicated the Immigration Court's jurisdiction, Parada De Diaz waived any jurisdictional argument when she "knowingly and voluntarily conceded [her] removability and relinquished a host of rights," including the right to even have a removal hearing. *United States v. Perez-Arellano*, 756 Fed. Appx. 291, 294 (4th Cir. 2018); *see also United States v. Ordoñez,* 328 F. Supp.3d 479, 499–500 (citing *Qureshi v. Gonzales*, 442 F.3d 985, 990 (7th Cir. 2006)) (finding that an alien's failure to object to removal proceedings and concession of removability constituted waiver of any jurisdictional arguments). Parada De Diaz was also notified of the date, time and place of her deportation hearing. And at that hearing, her request for expedited removal at government expense was denied, which further supports that Parada De Diaz wished to be removed promptly and without any further process. Critically, Parada De Diaz does not, in any way, argue her waiver of the right to contest deportation was deficient. Thus, any challenge to this Court's jurisdiction "appears to be without merit." *Ordoñez*, 328 F. Supp. 3d at 500. Parada De Diaz' motion to dismiss the indictment, therefore, is DENIED.

---

[1] *But see United States v. Cruz-Canela*, No. PJM 18-290, 2019 WL 2869323, at *5 (D. Md. Jul. 3, 2019) (holding failure to specify time and place on notice to appear deprives the immigration court of jurisdiction and renders the order of deportation void); *United States v. Armejo Banda*, 352 F. Supp. 3d 703, 712 (W.D. Tex. 2018) (same); *United States v. Ortiz*, 347 F. Supp. 3d 402, 407 (D.N.D. 2018) (same); *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164, 1165-66 (E.D. Wash. 2018) (same).

It is so ORDERED.

| | |
|---|---|
| 7/16/2019 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |